## APPEAL OF NORTHWESTERN BAKERS SUPPLY CO.

Docket No. 682.   Submitted May 19, 1925.   Decided October 12, 1925.

*J. B. Templeton, Esq.*, for the taxpayer.
*A. Calder Mackay, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is from the determination of a deficiency in income and profits taxes for 1919 in the amount of $8,879.38. The deficiency is due to the refusal of the Commissioner to assess the tax under the

provisions of section 328 of the Revenue Act of 1918, and also to the disallowance by the Commissioner of a deduction claimed by the taxpayer on account of a reserve set up by it in 1919 to meet expenses and losses which it anticipated would arise or be payable at the close of the taxable year.

### FINDINGS OF FACT.

The taxpayer was a corporation organized under the laws of Minnesota in 1901. It had a capital stock outstanding of $49,750 par value. During December, 1919, one R. Lauritzen acquired all the stock pursuant to options he had previously secured from the stockholders. At the end of 1919 the assets of the corporation were transferred to a new corporation organized for the purpose of taking them over. The new corporation was known as the Northwestern Bakers & Confectioners Co. and it exchanged its stock for the assets of the taxpayer and continued to carry on the business formerly conducted by that corporation.

Inventory was taken at the end of 1919, which included certain goods which were on hand at the beginning of the year and in previous years. It was alleged that such goods were not included in inventories taken for prior years. The goods which were included in the 1919 inventory, and which were alleged to have been omitted as aforesaid from the other inventories, were goods which were designated as " slow selling merchandise." They consisted of shopworn and obsolete goods. They were indicated in the inventory by the letters " S. S." The inventory at the end of 1919 was claimed to have been increased over what it would have been if it had been taken on the same basis as it was claimed to have been taken previously. The allegation that the slow selling merchandise was not included in inventories for prior years was not established by evidence.

The closing inventory, reported in the income-tax return for 1919, was shown at $30,415.97, and not $44,415.97, as shown by the books. The latter amount was used by the Commissioner in determining the tax liability for 1919.

Taxpayer set up a reserve in 1919 for unascertained contingent liabilities which it expected it would be required to pay in 1920. Before the end of the year it was known that at the end of the year it would cease business and that its liabilities would be assumed and paid by its successor in business. The person who purchased the stock of the taxpayer corporation had agreed with the stockholders to pay them a percentage of the surplus of the corporation at the end of the year as a part of the consideration for the stock. The new corporation paid amounts totaling $2,041.17 in 1920. The reserve set up was for $2,100.03.

DECISION.

The determination of the Commissioner is approved.